Good afternoon. Please be seated. We're glad to have you here. The case is a comeback case, State of California Department of Social Services v. Leavitt. The current case number is 06-56136. We've read your briefs. We look forward to your argument and when you're ready. May it please the Court. My name is Elliot Silverman of McDermott, Will and Emery, and together with my co-counsel Marjorie Shelby of the Legal Aid Foundation, we represent the appellants. With the Court's permission, Ms. Shelby and I will argue for eight minutes each, and each reserve two minutes for rebuttal. Okay. We'll try to help you, but you also keep your clock. It counts down. Thank you, Your Honor. In 2003, this Court ruled in the Rosales 1 case that the State of California and the Federal Government were improperly denying AFDC benefits to foster parents. From that day till today, no one has gotten the benefits that this Court promised. How do you know that? We averred in the court below that we are aware of no one who got the benefits. The State, which has the information entirely in its possession, did not come back and point to anyone who got benefits. We asked the State for records showing that anyone got their case reviewed or that anyone got benefits, and they tell us they have no such records. That isn't exactly what they said. They said they didn't have the records, the comprehensive records you were looking for. I didn't understand you to say, show me one person who got paid or show me 100 people who got paid. We averred that we're not aware of anyone who got paid, and the State has not pointed to anyone. What will tell us if someone got paid or not is whether there were notices of action. Let me just pause for a minute and say there's another issue in this case because there was an intervening statute in 2006, and my co-counsel in her part of the argument is going to address the effect of that statute. For purposes of my portion of the argument, we will assume that the district court was right, that that new statute cut off the right of people to get benefits as of 2006. But even if that's right, everyone who has had a case open in 2003, it's undisputed, is entitled to eight and a half years of benefits. The case they had open in 2003 was a foster care assignment, right? It wasn't a no one, some of these people apparently applied for AFDC, FC, but not necessarily. That's correct. So most of these people or many of these people didn't apply for this particular benefit. Instead, the order was that you go look at everybody who has an open case of this other kind and go see if they're eligible. That's correct. Okay. And it's undisputed that the district court ordered that each of those cases should be reviewed, and if they were entitled to benefits, should get benefits going back to 1997. So at a minimum, we're talking about eight and a half years of benefits here. Well, without the notices that you wish you'd gotten in the first place, there's no way of knowing whether those reviews took place or not, is there? Exactly. The notices would serve three functions. The notices would show, A, that the state really did what the district court ordered and reopen every case and look at it. Second, if someone was reviewed under the correct standard and denied, a notice would tell this person, your benefits were denied and you now have a right to seek administrative and ultimately judicial review. We're talking very poor people here. Almost none of them are represented. Well, that's all that's – those are good arguments, and those that's probably – I think it's probably true that that would be the way to proceed. But there was an order of implementation following our decision, and that was not part of it. Nobody appealed or objected to the order. And now the motion is to enforce the order, and the order doesn't have anything about notices of action in it. It doesn't have to be in the order because it's required by law. Where is it required? Well, you know, the judge, as I understand it, said essentially to you, come forward and make a motion to compel enforcement and make a showing that there wasn't enforcement. And you haven't made that showing. It's very distressing to me because, you know, I'm willing to believe you that the people didn't get paid, but you have no proof. Well, the evidence is entirely in the hands of the state. But that's true. Whenever you have a class action order of this kind or something like a class action order, which this is, the plaintiffs either have to build in an enforcement mechanism to the order, which you didn't do, or have to go out and find the evidence themselves and make some showing that there hasn't been enforcement. And you've done neither of those things. We found five people that we believe are entitled. But the judge found otherwise, and you haven't appealed that either. So we're stuck, as I understand it, with the proposition that some of those people were not eligible and the others you haven't shown to be eligible because you're not appealing that. The judge said there was no showing either way whether these people were eligible. Right. A couple of them, two of them. Yes. The rest of you said were not eligible and you're not disputing that. If there was a notice of action, we would know. I understand that, but that's not the question. The question is where are you getting – let's say you're right about the state law, which I'm not sure you are. But let's say you are. It's still not in the order. I don't think the order has to say, and the state shall comply with otherwise applicable law. Well, it doesn't have to say that, but you're not going to get a violation from the – I mean, there are reasons people get injunctions. It's one thing to have a legal violation. Maybe you can go and bring another case saying they didn't comply with state law. They were supposed to do X and they didn't do it. But this injunction doesn't encompass that. The court ordered them to provide new review to every case that was open. By regulation, a new review has to result in a notice of action. Where are you getting that from? The regulations, and they're quoted, the Federal regulation is quoted in our opening brief on page 17 and the State regulation on page 18, say that if there's a denial of benefits, there has to be a notice of action. It wasn't – it wasn't – there's a denial if there's an application. There wasn't an application. Now, one question I had is that there are a couple – there are some people in the record who did apply for benefits, for this particular benefit, as I understand it, and who got an order. So there must have at one point been a notice of action saying, well, we know – we're denying it, but we know about Rosales and we're going to send it back, essentially, and put it in a larger pot. And maybe there's some argument with regard to those people that they actually applied for something they didn't get. But these other people didn't do that. These people didn't know. I understand that. I'm trying to ask you why State law requires that when somebody doesn't apply for a benefit, but some external mechanism, a legal change or an interpretation change requires a review that there is an obligation to do this. In fact, it seemed to me that there was a – that the regs specifically say otherwise because there's some category that talks about if there's a mass determination, you don't have to have a notice. The State – the district judge ordered each case that was open was to get a new review. That's in the excerpts of record at 6 to 7. If there is a new review under a new standard, the State says, well, we don't have to give a notice of action because they didn't get benefits before and we are continuing to not give them benefits. Well, let's put it this way. This is at least a disputed and disputable question, and it's not in the order. So it could be that if there was something clear in this statute, you could say, well, obviously if they have to do X, they have to do it legally, so the implication of doing X is do it legally. That's exactly our argument. But if there's a dispute about what's legally, and it seems to me there's at least a dispute here, then does that dispute get resolved in this context of an enforcement action when it's not in the order? If it is required by the regulations, then it's encompassed by the order. And I think it is required by the regulations because the district judge had ordered in 2004 that each case be reopened and re-reviewed under the Rosales standard. If there is a new review, then by definition there's going to be a new determination. If that determination results in a denial, the regulations plainly require a notice of action. It doesn't say that. It says when aid is denied, decreased, suspended, canceled, discontinued, or terminated. If there is a new review under the standard of the statute. So which is it? Which of these is it? Denial. If there's a new review. And no one made an application. All they were supposed to do was review it. I wouldn't ask for anything. These people did not ask for anything. The judge ordered two things. He ordered that they review it. And if the State finds on that review that benefits are required, then they would get the benefits. Those were paragraphs 4 and 6. I understand that. So they were required to review. Right. And they were required to make a determination. If they make a determination and the determination is you're not eligible for some other reason, that's a denial. A denial requires a notice of action. If they then got a notice of action, they would be able to do all the things that the State is now saying they should have done. They should have sought administrative review. They didn't know their cases had been reviewed. The State had an obligation to review and had an obligation to make a new determination. That's clear under the order. And we believe implicit in the order, because it's required by State and Federal regulations, is that when you make a new review and reach a new determination, if that new determination is a denial, then there should be a notice of action. Did you consider filing a separate lawsuit about that? We did not think it was necessary. At the time that we sought the order in 2004, we didn't think it was necessary to put in, and you shall do this for me. No, I'm saying when later on, when you weren't able to get that information. If they're violating State law, you can write a law you could file something, a separate class action saying you're violating State law. It may be that we will have to, but we were hoping to get it resolved in this case, and we don't think a new case is necessary. We do think it's implicit in the 2004 judgment that the State – it's explicit that the State give a new review and give benefits if they're found to be required under the Rosales standard. We think implicit in that is if you're going to give a new review, you're going to make a new determination. Do you have any person who is – you can prove is eligible and wasn't paid? We cannot point to any one person. But the order did not – was not limited to Ms. Rosales. It said everyone in the State who had a case open. I know. The information as to whether there are such people is within the hands of the State. We asked them for the records. We didn't get anything. Thank you. Okay. Let's do this. You've used 12 of your 8 minutes. Why don't we allow your co-counsel to speak, and we'll give you some time to respond. It may be actually more useful for you to have heard the State and then respond, so. Thank you, Your Honor. Thank you. May it please the Court. I'm Marjorie Shelby, also representing the appellants. There are two reasons why we should prevail in our argument on retroactivity. The first is that Congress did not explicitly and affirmatively mandate retroactive application of the amended statute. And second, a retroactive application of the statute would redefine the AFDC linkage determination as of the date of the child's judicial removal, thus attaching new legal consequences to a completed event. The retroactive, what do you mean? That's such a multicolored term. I beg your pardon? You say it shouldn't have retroactive effect. What do you mean when you say retroactive effect in the context of this case? That the Secretary argues that a child who was found eligible at the time of the judicial removal, that's the time the linkage to AFDC has to take place. The Secretary argues that he can go back to that decision several years ago and now say that the new statute applies to that point in time. I didn't understand that that was the argument. Maybe I'm mistaking something. I had thought that the adjustment of benefits based upon the new statute is after the effective date of the statute and not retroactive to an earlier time. Am I mistaking this case somehow? The Secretary argues that it's not retrospective. However, the other one is not. This is a factual matter. Am I wrong?  I am wrong or I'm not wrong? I think it's a legal matter, Your Honor. The Secretary is saying we're not going to recoup retroactive prior benefits and says that's not retroactive, but he is going to now go back to a decision made, a judicial determination at that time the child was linked to the AFDC program in 1997, 2000, and then say because the child under the new statute was not eligible, then the benefits are going to be terminated. That's not retroactive. What if they had passed a statute saying we're not going to have AFDCFC anymore at all? Would that be retroactive? If it said that, Congress is free to eliminate the program, but it did not do so. Well, what's the difference? I'm asking a different question, which is, and I think we may be talking past each other. Just to make — maybe I'll take it out of the context to try to make it a clear question. Benefits are being paid under a certain law beginning in the year 2000. Yes. Congress passes a new statute eliminating the benefits. And as of the effective date of the new statute, January 1, 2007, the benefits are no longer paid, but they were paid from 2000 to 2007. My understanding, and correct me if I'm wrong, is that the state contends that it did pay, based upon the Marzales decision, up until the effective date of the new statute. And then after the effective date of the new statute, actually a little bit of adjustment forward from that, they no longer pay. Now, the premise for no longer paying after the effective date of the statute is what happened before in terms of what is the home of removal. But my understanding is they're paying — they did pay, or they say they've paid benefits under Marzales until the effective date of the new statute. And it's only after the effective date of the new statute that they cease making those payments. Am I understanding it correctly? That is correct, Your Honor. But there is no authority, even under the Secretary's argument about redetermination, there was no criterion for redetermination in Federal law. And the district court didn't cite any. It cited an information memorandum. What they're doing is there's a single point in time, which is when the child was first removed. At that point in time, there was an eligibility determination based on linkage to AFDC. Well, that isn't true either, or isn't necessarily true, right? I mean, you could have had foster parents who did not actually apply for what weren't officially designated foster parents for a couple of years, right? The point in time is still, was the child eligible at the time of the judicial determination of removal? Right. But the determination could have been made in the first place years later. It could even be made today. It was — it had to have been made at that point in time. At that point in time, the child is either eligible for AFDC or not. It was made as of that point in time, but it could have been made many years after the actual removal. I'm not aware of that occurring, Your Honor. Why not? I mean, if somebody — the whole problem here was that you had children who were living with relatives with — informally. And there could have been a situation in which they were living with their relatives. There was a removal order, but the relatives just never got around to dealing with the official system for a long time. Well, that would, in fact, be the case in Rosales because the — in those cases, the judicial determination at that time that said they weren't eligible in the home from which removed, and then this Court said it could be in any relative home, so that decision was made later. But the fact is it depends on that point in time at which the judicial removal, whether the benefits were applied for later, that is the decision point. When the judicial determination — when the child is removed by court order, is the child AFDC-eligible, linked to AFDC at that point in time on that date? Right. For purposes of knowing whether they're going to get paid tomorrow or the next day. That's right. And to go back now in 2007 and say back at that point in time, at the time of the judicial determination, the child doesn't meet the current definition of linkage, we're going to cut off the benefits. Yeah. I just don't see that that falls within the normal definition of retroactive application. That is to say they change the criteria and they say from this date forward now with a new changed criteria, we apply the changed criteria. But the change, Your Honor, in the argument is that it goes back to a date and time. I understand that. But it doesn't go back in the sense of we're taking back the money or we don't owe you the money before the period when the statute was changed. It's just when the statute is changed, we give you less money because the criteria under the statute are now changed. And the fact that we owed you money under the earlier statute or rather, they would argue, under Rosales, which misinterpreted the statute, I confess I don't agree with that position, but it doesn't matter for present purposes. I just don't see that as retroactive. It's purely prospective. To terminate benefits based on a decision made at some point in time prior to 2006 and say we're going to cut your benefits off because we redefined what eligibility meant those years ago. But I don't understand the difference between that and saying, okay, we've now redefined what eligibility is. We're only paying it, we're just not paying it anymore at all. So the fact that you had, I mean, in some part you're suggesting there was some reliance. That was probably not so because, but even if there were a reliance, there's no difference in reliance between we're going to change the definition of Lincoln's and we're just going to not pay you at all. What's the difference? If Congress and, as Your Honor suggested, if Congress eliminated the program or changed the statute, now they were saying that this thing that mattered before, i.e., whether you had linkage of a certain kind, doesn't matter anymore because there's just no benefits for anybody anymore. What's the difference? For retroactivity purposes. Well, the point, Your Honor, is still that today we're applying a statute of today to a definition fixed at a prior point in time that cannot be changed. And in fact, the State, the Federal, in cutting these off, they're simply those who were paid under Rosales have simply been terminated without any new review as part of the first part of our argument, without any review as to whether they were eligible in the home from which we moved at the time. Well, if you could prove that, you know, then you'd have an enforcement case. But you have to prove it. That's a different issue. But you have to prove it up in some fashion or another. I mean, enough to generate, you know, discovery and inquiry at that point. Well, we're relying, again, Your Honor, on the established principle. This Court defined what the statute said. And now Congress changed the statute. I don't mean that. I mean your last comment, which goes back to the NOA issue. Why don't we do this? You've now used your time. Let's hear from the State, and then we'll give you a little time, both of you, a little time to respond. Thank you. May it please the Court, my name is Paul Renaga, and I represent the State Appellee of the Department of Social Services. I have a question. Yes. Have these benefits been paid? It's not on the record, Your Honor. Okay. Have they? Pardon me? I'd like to know if they have been paid. I can't tell you that, Your Honor. What I can tell you is that at the time the judgment was crafted, the county was ordered to give specific instructions to the counties on doing the reviews, and that was done in the all-county letter. And the counties have the obligation to do the reviews as instructed by the State. They can submit they did submit claims. So you have lots of forms, and you have to know the answer to this question, because you have your letters have forms, and the forms were supposed to go back to you, and you were supposed to pay up on the forms, and the Federal Government has to know the answer to the question, too. Yes. The claim forms ask the number of persons for which benefits were actually paid, not reviewed. So in that sense, that data would have been provided to the State. That's correct, Your Honor. But I don't get it. You say you don't know. I find it inconceivable that you don't know. Well, Your Honor, I'm dealing with what's in the record, and it's not in the record, Your Honor. I understand that answer, but I'm asking the same question Judge Berzon answered, not what's in the record, but are you telling me you simply don't know on the record, off the record, you have no idea whether these benefits have been paid? I can't answer that question, Your Honor. You can't answer whether you know? I don't know. You don't know whether they've been paid? I don't know. You know, I'm beginning to be more sympathetic to the plaintiffs all the time. I'd like to make a couple points, Your Honor, if I may, on the motion to enforce the judgment. First of all, first is with the nature and the timing of the motion that was put before the district court, and that was a motion to enforce the judgment. But the relief they requested was an expansion of its terms to include a compliance mechanism. What should have been done and what should have been filed at that point was either well, first of all, it should have been built into the judgment if appellants had that concern, but later they could have moved to modify the judgment. Are you essentially arguing for the right to simply flaunt the order because when it did order you to pay, add to review. But let's take the review out of it. Let's say the part that says pay eligible people. Are you saying that you could simply flaunt it because the correct they could have done better in putting an enforcement mechanism in so the district court has no authority to inquire into whether you've paid anybody anything? Is that your position? No, it's not our position. Okay. So why couldn't the district court, shouldn't the district court, once there was an allegation that you're at least an allegation that you're not doing, they didn't prove anything and I don't know why they didn't prove anything. But don't you have to make some minimal showing that you've done something that purports to comply with the order? Let's leave out the NOAs and the details, but something. Well, in that regard, Your Honor, appellants put forth their individual cases at the time in the district court indicating that they were eligible and we responded to that showing that in each case there was either they weren't eligible or they hadn't made their case. Okay, fine. They did a terrible job of proving up that you didn't pay individual people. But on the other hand, doesn't the district judge have some responsibility having made a global order to see that something happened with regard to that order when the allegation is made even without proof that it didn't, to at least have you come back and sign a declaration saying, yes, we have been doing what we checked and something is being done? Anything? If appellants had filed a motion to modify the judgment or if they had filed a motion for relief under Rule 60B, that could have been brought forth to the court and the issue could have been thoroughly vetted, but they didn't do that. They filed a motion to enforce the judgment and we look, and because they filed a motion to enforce the judgment, we have to look at the terms of the judgment. There's no question that the relief The terms of the judgment say you're supposed to pay. Right. People who are eligible. And our position is that, you know, we've ordered that they be paid. The courts ordered that it be paid, excuse me, and then we carried out our portion which the State was ordered to issue instructions to the counties to make those payments and that's what the State did. Now, it doesn't mean that there aren't mechanisms to look to see whether the counties did. So in other words, what you're advising is that they now go back to the district court and file the 60B motion to modify the judgment to require you to provide some proof that you've complied with the order. And you'll agree with that because of course you want to be able to prove that you've complied with the order. You're not going to contest the fact that you don't have to make any showing that you've complied with the order. I'm referring to the relief they request. I understand that, but I'm asking what if they go back now to the district court and say, all right, we did it wrong. We're going to file a 60B motion to modify the judgment because we, as far as we can tell they're saying nobody's gotten paid, so we want to modify the judgment to require the State to at least provide the sheets that they were getting back from the county to show that somebody's getting paid. Right. Would you agree to that order? Yeah. Would we agree to it? Yes. I can't speculate, Your Honor. I don't know if they would, if the Department would or would not have. I'm just saying this was a court could have faced that issue. It could have been brought forth in a 60B motion. But it still can be. That still can be. Well, there's a question there whether it can be, Your Honor, whether it's untimely at this point. You know, if they filed a 60B motion, it would have to have been filed within a reasonable time. And if it's based on allegations of newly discovered evidence, it would have to have been within the year of the judgment. In this case, there are no ---- It wouldn't be for newly discovered evidence. It would be because of the fact that there was changed circumstances, i.e. I don't know if there were changed circumstances, but that there is they've looked around. They can't find anybody who's gotten paid. And they want some proof that it was paid. And there has to be. And judges don't write orders to be flaunted. So, obviously, there ought to be at least some showing in the order. That requires some demonstration of compliance. If you're not willing to come forward with it and you haven't been willing to come forward with it. It would be very simple to settle this by putting ---- by coming up with some information that you've paid somebody. Well, Your Honor, again, I have to get back to what the motion is that they filed. They filed the motion to enforce the judgment. I believe that because they didn't file it in the proper form, because they didn't file a motion to modify or for relief, that it was too late to do that. They waited too long. They knew about the problem a year before they filed their motion. But they didn't do anything. The more you talk, I have to say, the more I have a suspicion that, in fact, you haven't paid anybody. Does the state have a mechanism for determining whether or not benefits have been paid pursuant to Morales? The state can audit the counties. And the federal regulations provide for that. Can they ask the counties? I mean, short of an audit? I assume the county will say. I'm sure they can. So the state could find this out fairly readily. Maybe the state has found this out. I mean, how is this budgeted? Does this money go through the state? Which money, Your Honor? The money that's paid out in benefits. How is this budgeted? Who writes the checks? It's a federal program, state and federal funded. Right, yes. And is part of this money come from the state? The state and the federal government, yes. So the state, I don't know. Well, through the state, yes. So it seems to me almost child's play to determine whether or not money has been paid under results. Well, we're now talking about, what, since August 2004. It's several years now, Your Honor. So it's pretty difficult to compile the record at this point. I'm being minimalist. I'm not saying I want to know everybody who's been paid. I'm not saying I want to know everybody who's been reviewed. I want to know what you know about. I'm not saying why couldn't the why wasn't it appropriate for the district judge to ask for whatever you had about who's been paid? Just that's that. Not place any additional obligations on you beyond what you have. Why wouldn't that have been an appropriate response to this enforcement request as a discovery matter or simply for the judge's information as to what you've done to comply with his order? If appellants had the burden below to show that there was some noncompliance and if they had some evidence of noncompliance, such as the individual cases that they brought forth, that might have prompted the court to require us to provide that evidence. Suppose they came forward now with a declaration that said, we have made inquiry of 100 families of relatives that have foster children who, as far as we can tell, were met the criteria, at least in gross, and none of them have gotten paid. Would that be enough? Nothing else but just that, an affidavit signed by the investigator. So at least have you... I'm sorry. Are you saying that the appellants would have provided? Suppose they had that much information. I'm trying to understand what you would require in order to oblige you to at least come forward with only what you've got. Not to do any NOAs, not to do any investigation, just come forward with what you've got to show compliance. The judgment could have included a reporting mechanism to report whether benefits were, in fact, paid across the board by the counties. But don't judges have inherent authority to say that their orders are complied with? Well, I don't think we're arguing against that. I mean, the court found that its order was complied with. It did? Well, it didn't found evidence of noncompliance, let's put it that way. The State did everything it was ordered to do. How do you know? You just told me you don't know. When I look at the terms of the judgment, we did what the court ordered us to do. But that means you didn't let the... But in court, in terms of what court ordered us to do, I gather you don't include what it ordered us to do, paid benefits, because you say you don't know whether you paid benefits. Well, first of all, Your Honor... I mean, this is Alice in Wonderland stuff. I don't get it. First of all, the law is implemented at the county level by the counties, not the State. They are the ones that did the review. But you reimbursed them, so you have to have records as to whether you've reimbursed them, right? I'm not saying we don't have records of whether there's been reimbursement, Your Honor. Well, that would not be evidence that somebody's been paid if they've been reimbursed? Yes. Yes. Yes. So we're saying that the Department has records, but you don't know what's in them. That's correct, Your Honor. But I will – and that is provided for in that all-county letter, that claim form in the back, where it talks about the county reporting the total number of cases where benefits were paid. That is a requirement, and that was in the all-county letter. And the attachment – the attached form required that information, Your Honor. So there would be some accountability. The order was that for all foster care cases in which dependency jurisdiction was open on or after March 3rd, 2003, DES, the SS, that's you, not the counties, right, shall make AFDC FC payments for the entire period subsequent to December 23rd, 1997. Now, that was your obligation, right? If somebody challenged you, you had to prove whether or not you did it, right? It was the counties make the payments, Your Honor. No, it doesn't say that. It says DSS shall make. I can only tell you what – how the system works. I know, but this is the order. The order says DSS shall make AFDC FC payments for the entire period subsequent to December 3rd, 1997. If it wasn't your problem, you shouldn't have let the order go out that way, but it did. Okay. All right. So, obviously, you were subject to being challenged for noncompliance, so you must have kept records about your compliance. As I recall – no, that wouldn't be the case. I'm not saying that there's not records, Your Honor. I just don't know what – you know, that information, I don't know what – it's not in the record. Okay. Are you sharing time? Yes, I am. And how do you propose to share the time? You've used 13 minutes. All right. If I could just make a couple of quick points, and I just wanted to say – It's up to you. I mean, I'm not forcing you to share. I'm asking you if you want to. The one point being that we don't know what happened at the county level. We don't know if – But given this order, that doesn't matter. You had an obligation to pay the benefits. So what happened at the county level is your problem. Our way – our manner of paying for benefits is to ensure that the counties pay benefits by issuing them instructions to pay benefits. That's what we told the counties to do. All right. And if they weren't paid, it's your problem, right? If they weren't paid and we know about it, yes. Not if you know about it. It doesn't say that. It says DSS shall make AFDC-FC payments for the entire period subsequent to December 23, 1997, in which the child was entitled to AFDC-FC payments. So if you don't know about it because of negligence or whatever, that's too bad. You're supposed to pay it. Benefits were supposed to be paid. I can't – By you, by your department that you represent. That's what the order says. That's right. If there's any more questions, I'd be glad to answer. Go ahead. Good afternoon, Your Honors. May I please the Court? I'm Jeffrey Clair. I'm counsel for the Federal Government in this case. We're confining our submission just to the question of whether the intervening statute is impermissibly retroactive. On the merits of that question – You know, I don't know that that's too big an issue right now. Right. It might be with the other judges. But it seems to me that what we've been talking about is that there are children in California who were entitled to benefits under Rosales. And the district court said, yes, they are entitled to those benefits. They are to be paid those benefits. But that the state can make adjustments on the next time that the review comes up in the ordinary course of events. Now the question has become, well, has anybody ever been paid anything? It's those past due payments that we're really talking about. I think that's really what the case has now come down to. If that's so, Your Honor, then I won't take up any more of the panel's time. Because you were just going to argue retroactivity. Yes, Your Honor. But the one question I have is presumably the Federal Government has records relevant to this, too. Because you then reimburse the state for whatever it pays, right? Well, Your Honor, what we do is we match a state expenditure. So you would have to know if the state was making the expenditure. So you must have records, relevant records as well. Your Honor, we probably have the raw case files, but I do not know whether we can distinguish one claim for another. No, I'm not talking about distinguishing one claim from another. I'm just talking about this category and whether there were any payments made in this category pursuant to this order. Your Honor, I don't believe we can reconstruct the various categories under which people may have qualified for benefits. We get a volume of claims from the state that they have paid foster care benefits. Right. Unless we go into the individual case file for each beneficiary, nothing in the claim submission tells us what the basis of that particular beneficiary's entitlement was. And because we can't tell the basis for the entitlement, we don't know whether a claim was paid. Well, you probably could at least say whether there was a substantial increase in the number of AFDC, FC payments over this time period. It would have to be pretty big because you'd be dealing with a seven-year period for a substantial number of people. And we would have to isolate the effect of the Rosales decision as the causative factor for that increase, Your Honor, and I'm not sure. But you would at least have AFDC, FC categories separately, presumably. I'm sorry, Your Honor? You would at least have the AFDC, FC category. Yes. We would know, certainly be able to distinguish a foster care payment from other types of social welfare payments, but in terms of the basis for which a particular beneficiary. Because you have an order, too. It says the Secretary shall reimburse DSS and the State of California at the Federal participation rate for all AFDC, FC benefits paid by DSS. So, again, you have a compliance problem when, presumably, somebody had any foresight, they should have worried about whether you have any records. Your Honor, with all due respect, our obligations come in after the State has paid. Right. And we match the State expenditure. As long as the State is submitting claims for us that we believe are otherwise valid, we pay. But we, our obligations under the Court's order are. Your obligation, as written, is simply to pay what they've paid. Right. It's contingent on the State's expenditure, Your Honor. That's right. And I'm afraid I have no further light to shed on this question. Our brief today was confined to the retroactivity question. And, again, if the Court has no questions on that, we'll rest on the briefs. And I'd like to, if I may, yield back the balance of my time to the State so they can further adjust it. Yeah. I think we're not really concerned with the retroactivity argument. I agree with Judge Thompson. Thank you, Your Honor. Mr. Reynaghi, you have some more time, but I'm not sure whether you want it. No, you've got a minute and a half that's absolutely yours. If the motion for relief had been filed, appellants could have asked for the opportunity to do discovery. They could have served discovery on the State. They could have found out the information. They could have met their burden. They had the burden to show noncompliance, not the State. They're trying to reverse it to say that we had the obligation to show compliance. They had the obligation. This was their motion. They said the State was not in compliance. They had the burden to prove it. That's all I'd like to add, Your Honor. Do you think there's no ‑‑ and I don't really know the answer to this, but there's no inherent authority for the district court who would like to know whether there's been compliance with its order to say come and show me some evidence that you've complied with my order. When somebody is saying ‑‑ they're at least saying no. I mean, with proof or no proof, they're saying we do not believe this has been complied with. There's no inherent authority to make some showing that there's been some compliance. Inherent authority to order it? To order that compliance be shown? Yes, that's what I'm asking you. Yes. Well ‑‑ To show what you have, not to go finding anything you don't have, not to make up records that don't exist. Simply come forward with whatever you have that demonstrates compliance or noncompliance. I'm not trying to be argumentative, Your Honor, but if a motion to modify that ‑‑ to relief ‑‑ To answer my question, no. The judge did not have the authority to do that. I guess looking at the motion that was filed, I would say no. Okay. Thank you, Your Honor. Thank you. I'd like to respond just very briefly to two quick points. This attempt by the State to throw all the blame onto the counties. This is a joint Federal‑State program. All right. Let's forget that. Could you make a 60B motion now? I believe we could. I don't believe it's necessary. If there was a question as to whether we had proven that someone didn't get the benefits. The district judge didn't make a finding that no one was eligible. He said, I can't really tell. If that's the issue it comes down to, then I think it should be remanded to the district court to allow us to take discovery. In fact, we attempted to take discovery. We did serve discovery on the State, and they gave us nothing. That's in the record. But if it comes down to a factual issue, then I think it should be remanded to the district court to let us pursue further discovery from the State and then hold an evidentiary hearing. And if the State ‑‑ if the Court has no further questions, I'm going to rely on my briefs. Okay. Thank you, Your Honor. Thank you. Ms. Shelby. If I may, Your Honor, just I would point to the Movens in this case. In the excerpts of record, ours, pages 81 to 101, the Movens had administrative hearing decisions which were decided prior to the Rosales decision. They were specifically ordered to be held open and reviewed after Rosales' final. There is no evidence they were ever reviewed. Those are my clients. They did not get noticed. They did not get paid benefits. Yeah. There may be a subcategory of people who actually applied for benefits. They were initially denied based on the old criteria. But presumably that's not the bulk of people, but there may be some. I think they were probably representative, and we had those ‑‑ they were brought in because they had specific administrative hearing decisions that said, thou shalt hold these open and review them. That was not done. And they were never paid benefits and have no knowledge that they were ever reviewed. We were not allowed at that time. The district court found that they weren't actually eligible for benefits. I know that they were, Your Honor, but ‑‑ He says they weren't. Well, he said we ‑‑ It's a finding. You haven't appealed it. Right. He said that we did not in the administrative hearing decision because we did not know at the time what the Rosales criteria ‑‑ No, I don't mean that. The district court looked at your particular movements and concluded that they were not in fact eligible. Because we were not allowed to present the evidence to show that they were. He went by the original hearing decisions, which were done prior to Rosales. That is not my understanding. My understanding is that he said they weren't eligible because they did not have the children in their homes at the time of removal. Well, that is naturally incorrect, Your Honor. But that's what he said, and you didn't appeal it. But as I said, we were not allowed to present, you know, like a new review of them that's ‑‑ I can say for certain that three of the four were definitely eligible under Rosales. That doesn't do us any good because we have a finding and no appeal from it. Okay. Thank you. California Department of Social Services and Leavitt v. Rosales, 06-56136, submitted. Thank you very much. All rise.
judges: Thompson, Fletcher, Berzon